UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHISLAINE PAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>NOUBAR A. DIDIZIAN, *et al.*,<br><br>    Defendants. | Civil Action No. 11-00684 (CKK) |

MEMORANDUM OPINION
(October 19, 2011)

Plaintiff Ghislaine Paul ("Paul") brings this state-law tort[1] action against Defendants Noubar A. Didizian, M.D. ("Didizian") and the District of Columbia (the "District"). There are currently three motions before the Court: Didizian's [16] Motion to Dismiss; the District's [19] Motion to Dismiss; and Paul's [24] Motion for Summary Judgment. Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court shall DENY Didizian's [16] Motion to Dismiss, GRANT the District's [19] Motion to Dismiss, DENY Paul's [24] Motion for Summary Judgment, and DISMISS this action in its entirety WITHOUT PREJUDICE. Succinctly stated, the Court finds that Paul has failed to discharge her burden of establishing that this Court has subject matter jurisdiction over the case.

### I. BACKGROUND

Paul commenced this action in the United States District Court for the Eastern District of Virginia on October 1, 2010. *See* Compl., ECF No. [1]. On March 16, 2011, United States

---

[1] A "tort" is "[a] civil wrong, other than a breach of contract, for which a remedy may be obtained, [usually] in the form of damages." BLACK'S LAW DICTIONARY 1626 (9th ed. 2009).

District Judge Gerald Bruce Lee transferred the action to this Court on his own motion. *See* Order (Mar. 16, 2011), ECF No. [7]. Upon transfer, the Court directed Paul to effect service of process on Defendants. *See* Rule 4(m) Order (Apr. 8, 2011), ECF No. [9]; Order (Apr. 18, 2011), ECF No. [13]. Once putative service was made, both Defendants appeared and the parties proceeded to file and brief the motions now before the Court.

Didizian filed his Motion to Dismiss on May 20, 2011. *See* Def. Didizian's Mem. of P. & A. in Supp. of His Mot. to Dismiss, ECF No. [16-1]. That same day, recognizing that Paul is proceeding in this action without legal representation, the Court issued an Order warning Paul that her failure to respond to Didizian's motion would result in the Court treating the motion as conceded. *See* Order (May 20, 2011), ECF No. [17]. Paul filed her opposition on May 27, 2011. *See* Pl.'s Opp'n to Def. Didizian's Mot. to Dismiss ("Paul's [18] Mem."), ECF No. [18]. Didizian filed his reply on June 14, 2011. *See* Def. Didizian's Reply to Pl.'s Opp'n to Mot. to Dismiss ("Didizian's [23] Mem."), ECF No. [23].

The District filed its Motion to Dismiss on June 6, 2011. *See* Def. District's Mem. of P. & A. in Supp. of its Mot. to Dismiss ("District's [19] Mem."), ECF No. [19]. That same day, the Court issued an Order warning Paul that her failure to respond to the District's motion would result in the Court treating the motion as conceded. *See* Order (June 6, 2011), ECF No. [22]. Paul filed her opposition on June 17, 2011. *See* Pl.'s Opp'n to Def. District's Mot. to Dismiss ("Paul's [24] Mem."), ECF No. [24]. The District filed its reply on June 28, 2011. *See* Def. District's Opp'n to Pl.'s Mot. for Summ. J. & Reply to Pl.'s Opp'n to its Mot. to Dismiss ("District's [27] Mem."), ECF No. [27].

Paul's opposition to the District's Motion to Dismiss was also styled as a Motion for

Summary Judgment. *See* Paul's [24] Mem. The District filed its opposition on June 28, 2011. *See* District's [27] Mem. Didizian filed a separate opposition on June 29, 2011. *See* Def. Didizian's Opp'n to Pl.'s Mot. for Summ. J., ECF No. [28].

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) provides a vehicle for parties to challenge the district court's "subject matter jurisdiction," FED. R. CIV. P. 12(b)(1)—a term that refers to the court's authority to hear and decide the case. If the district court finds that it lacks subject matter jurisdiction, it must dismiss the case, and without prejudice.

The district court should begin with the presumption that it does not have subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007). In most cases, the plaintiff attempts to establish subject matter jurisdiction through one of two routes.

First, "diversity jurisdiction" arises when the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). There must be "complete diversity" between the parties, meaning that diversity jurisdiction is unavailable when any plaintiff is a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Second, "federal question" jurisdiction is available when the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For federal question

jurisdiction to arise, "a right or immunity created by the Constitution or the laws of the United States" "must be disclosed upon the face of the complaint." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (*per curiam*) (*quoting Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (internal quotation marks omitted). "[I]t is not enough to allege that questions of a federal character arise in the case, it must plainly appear that the averments attempting to bring the case within federal jurisdiction are real and substantial." *Blumenstock Bros. Adver. Agency v. Curtis Publ. Co.*, 252 U.S. 436, 441 (1920).

In determining whether it has subject matter jurisdiction, the district court may consider the allegations in the complaint and undisputed facts and, in appropriate circumstances, resolve disputed factual matters. *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). In engaging in this task, the factual allegations in the complaint must be construed in the light most favorable to the plaintiff, *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005), though a plaintiff's factual allegations will "bear closer scrutiny" when the district court is resolving a motion to dismiss for lack of subject matter jurisdiction as opposed to a motion to dismiss for failure to sate a claim, *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007), *aff'd*, No. 07-5328, 2008 WL 4068606 (D.C. Cir. July 30, 2008). Even though pleadings filed by a party proceeding without legal representation must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), even unrepresented parties must discharge their burden of showing that the district court has the authority to hear and decide the case, *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009); *Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 95 (D.D.C. 2010).

## III.  DISCUSSION

There are currently three motions before the Court: Didizian's [16] Motion to Dismiss; the District's [19] Motion to Dismiss, in which Didizian also joins, s*ee* Didizian's [23] Mem. at 3 n.1; and Paul's [24] Motion for Summary Judgment.  Whereas Didizian's Motion to Dismiss and Paul's Motion for Summary Judgment go to the merits of the case, the District's Motion to Dismiss arises under Rule 12(b)(1) of the Federal Rules of Civil Procedure and challenges this Court's subject matter jurisdiction to hear and decide the case.[2]  Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court finds that Paul has failed to discharge her burden of establishing that this Court has the authority to hear and decide the case.  The Court shall therefore GRANT the District's [19] Motion to Dismiss, in which Didizian joins, and DISMISS this action in its entirety WITHOUT PREJUDICE.  In light of this decision, the Court shall DENY Didizian's [16] Motion to Dismiss and Paul's [24] Motion for Summary Judgment as moot.

    A.    *Paul Has Failed to Establish Diversity Jurisdiction*

When Paul first filed this action in the United States District Court for the Eastern District of Virginia, she invoked only the court's diversity jurisdiction.  *See* Compl. at 2 ("This is a diversity [of] citizenship case . . . ."); Paul's [24] Mem. at 2 ("On 1 October 2010, Plaintiff filed this case in the state of Virginia because of diversity of citizenship.").  She appears to maintain that this Court has jurisdiction based on the diversity of citizenship between the parties.

---

[2] As the Court advised Paul before she filed her opposition, "[w]hile the District claims to bring its motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is properly analyzed under Rule 12(b)(1) because the motion is based on the contention that this Court lacks subject-matter jurisdiction."  Order (June 6, 2011), ECF No. [22], at 1 n.1.

*See* Paul's [18] Mem. at 3 ("[T]he case is filed in the District of Columbia because of diversity [of] citizenship . . . ."). However, it is undisputed that both Paul and Didizian are citizens of the Commonwealth of Pennsylvania. *See* Compl. at 2 ("The Plaintiff Ghislaine Paul and Defendant Noubar A. Didizian are residents of the state of Pennsylvania.") (capitalization omitted). The commonality of citizenship between Paul and Didizian makes it impossible for this Court to hear the case under its diversity jurisdiction. *Owen Equip.*, 437 U.S. at 373. Significantly, the Court cannot cure this defect by dismissing Paul's claims against Didizian from this case and allowing Paul to proceed against the District under the Court's diversity jurisdiction because "the District, like the fifty states, is not subject to diversity jurisdiction." *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987). Accordingly, the Court cannot hear and decide this case under its diversity jurisdiction.

      B.      *Paul Has Conceded the Absence of Federal Question Jurisdiction*

Paul's Complaint identifies a single basis for this Court's subject matter jurisdiction—namely, diversity jurisdiction. *See* Compl. at 2 ("This is a diversity [of] citizenship case seeking jurisdiction in the state of Virginia."). Nowhere in her Complaint or in her opposition to the District's Motion to Dismiss has Paul claimed that this Court might exercise jurisdiction over the case based on its federal question jurisdiction. She has failed to do so even though the District expressly argued in its opening memorandum that this Court cannot exercise federal question jurisdiction over the case because "both defendants are being sued for medical malpractice, a state law tort." District's [19] Mem. at 4. Paul offers no rejoinder to the District's argument, nor does she contest the District's characterization of her claim. In this Circuit, "it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain

arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citation omitted), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004); *accord Lewis v. District of Columbia*, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011). This principle applies even to parties proceeding without legal representation, like Paul. *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010); *Fletcher v. District of Columbia*, Civil Action No. 01-297 (RMU), 2005 WL 670676, at *6 n.9 (D.D.C. Mar. 22, 2005). Based on Paul's failure to respond to the District's argument, the Court shall, in an exercise of its discretion, treat the District's argument as conceded.

Even if the Court were inclined to rule on the issue, it would nonetheless conclude that Paul has failed to carry her burden of establishing that the Court has federal question jurisdiction over this case. In opposition to the District's Motion to Dismiss, Paul consistently characterizes this case as one for "medical malpractice" or "gross negligence," both state-law torts. *See* Paul's [24] Mem. at 2-3, 8-9; *see also* Paul's [18] Mem. at 2 (claiming that Didizian committed "medical negligence," "negligence," and "fraud"). The Complaint itself spans twenty-nine single-spaced pages and includes several exhibits. It is rambling and often difficult to understand, but its allegations are consistent with Paul's characterization of her case as one for "medical malpractice," "gross negligence," or other state-law torts. For example, Paul asserts in her Complaint that "[b]oth Defendants are being sued for Medical Malpractice" and describes her case as a "Medical Malpractice Suit."[3] Compl. at 2, 30.

---

[3] Elsewhere in the Complaint, Paul suggests that Defendants may have committed "fraud" and "libel," Compl. at 28-30, but these are also state-law torts.

On occasion in her Complaint, Paul describes her state-law tort claims as violations of her "civil" and "human" rights, without further elaboration. Such vague and unexplained references to "civil" and "human" rights are insufficient to establish federal question jurisdiction. *See Bonham v. Bell*, Civil Action No. 90-1672, 1990 WL 117297, at *1 (D.D.C. Aug. 3, 1990) (concluding that the *pro se* plaintiff's broad assertion of a "civil rights" violation failed to provide a basis for the exercise of federal question jurisdiction); *Cordova v. Blockbuster Video Corp.*, 315 F. App'x 729, 730 (10th Cir. 2009) (affirming district court's dismissal for lack of subject matter jurisdiction where *pro se* plaintiff's complaint merely alleged a "civil-rights violation" and did not present a substantial federal question). The only "civil right" the Court can glean from Paul's allegations is what she describes as "her right to health care," *id.* at 29, but there is no such right under the Constitution, c*f. Diaz v. Brewer*, __ F.3d __, 2011 WL 3890755, at *4 (9th Cir. Sept. 6, 2011). Simply put, Paul has pointed to no allegations "plainly" presenting a "real and substantial" federal question. *Blumenstock Bros.*, 252 U.S. at 441. Even affording her Complaint an exceedingly liberal construction, no "right or immunity created by the Constitution or the laws of the United States is apparent from "the face of the complaint," *Phillips Petroleum*, 415 U.S. at 127-28. In the end, it is Paul's burden to establish that this Court has subject matter jurisdiction, and she has failed to discharge that burden here.

In sum, the Court finds that Paul has conceded that federal question jurisdiction is unavailable in this case. Furthermore, even if the Court were inclined to reach the merits of the issue, the Court would conclude that Paul has failed to carry her burden of establishing the presence of federal question jurisdiction.

> C.   *Paul's Other Arguments in Support of Jurisdiction Lack Merit*

With the two most common avenues of establishing subject matter jurisdiction foreclosed, the Court turns to Paul's remaining arguments in support of jurisdiction. Those arguments can be divided into two categories. The Court addresses each category in turn.

First, according to Paul, her case was "triggered" by *Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (CKK), a separate action brought by former employees of the District in this Court challenging the polices and procedures that the District applied to terminate disability compensation benefits. While it is unclear from Paul's opposition what relevance she believes that case has to this one, Paul cannot bootstrap jurisdiction in this case on the basis that the Court had jurisdiction in a separate action; the Court must have jurisdiction in each action. In any event, despite Paul's claim that she is "a party to the class-action suit," she was not a named plaintiff and the class in the *Lightfoot* action was decertified nine months ago, *see Lightfoot v. District of Columbia*, 273 F.R.D. 314 (D.D.C. 2011), and, more importantly, the entire action was dismissed five months ago, *see* Order, *Lightfoot v. District of Columbia*, Civil Action No. 01-1484 (D.D.C. May 20, 2011), ECF No. [550]. The *Lightfoot* action simply does not provide a basis for the Court to hear and decide this case.

Second, Paul tenders a series of arguments concerning not subject matter jurisdiction, but rather the connection between the District of Columbia, on the one hand, and the parties and the events underlying the dispute, on the other hand. For example, Paul offers the following: (1) "the underlying cause originated in the District of Columbia"; (2) this forum was "duly chosen" by the United States District Court for the Eastern District of Virginia when it transferred the action to this Court; (3) Didizian's employer has its "headquarters and place of buisiness [sic] in

9

the District of Columbia"; (4) her place of employment is in the District of Columbia; (5) she is "an injured worker in the District of Columbia;" and (6) "[t]he District of Columbia's place of operations is in the District of Columbia." Paul's [24] Mem. at 1-2. These arguments, to the extent they have any bearing on this case, relate either to the question of whether this Court has personal jurisdiction over the parties, which neither the District nor Didizian has disputed, or the appropriate venue, which "relates to the convenience of the litigants" and not "the power of a court." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 793 n.30 (1985) (internal quotation marks omitted). They do not supply a basis for this Court to exercise subject matter jurisdiction.

## IV.  CONCLUSION

Paul, as the plaintiff, bears the burden of establishing this Court's authority to hear and decide her case. Because she has failed to discharge that burden, the Court shall GRANT the District's [19] Motion to Dismiss, in which Didizian joins, and DISMISS this action in its entirety WITHOUT PREJUDICE. In light of this decision, the Court shall DENY Didizian's [16] Motion to Dismiss and Paul's [24] Motion for Summary Judgment, both of which address the merits of Paul's claims, as moot. An appropriate Order accompanies this Memorandum Opinion.

Date:   October 19, 2011

                                                     /s/
                                        **COLLEEN KOLLAR-KOTELLY**
                                        United States District Judge